OPINION
Montgomery West appeals from a judgment of the juvenile court granting the permanent custody of his minor children, Jonathan West and Melissa Allen, to the Clark County Department of Human Services.
West assigns error as follows:
 THE APPELLANT, MONTGOMERY WEST, HEREBY ASSIGNS AS ERROR THE TRIAL COURT'S TERMINATION OF HIS PARENTAL RIGHTS, WHICH TERMINATION WAS PARTLY BASED ON THE APPELLANT'S ADMISSIONS, ADMISSIONS THAT THE APPELLANT BELIEVES WERE NOT GIVEN ENTIRELY FREELY AND VOLUNTARILY. JUDGMENT ENTRY AT PAGES 1 2, TRANSCRIPT AT PAGE 16.
On July 8, 1999, the parents of the children, West and Dawn Allen, were before the juvenile court on the motion of CCDHS for permanent custody. Both parents were represented by separate counsel. Both parents admitted the children were dependent, that CCDHS had made reasonable efforts to reunify the family, and that a permanent placement with CCDHS was in the best interest of the children. The trial court engaged each parent in extensive discussion to ascertain that parent's understanding of and agreement with this disposition of CCDHS' motion. After receiving the parents' admissions and agreement to a termination of their parental rights, the trial court heard evidence from CCDHS. Thereafter, the trial court journalized that the parents' relinquishment of rights and agreement to permanent placement of the children with CCDHS was knowing and voluntary, that the children were dependent, that CCDHS had made reasonable efforts to keep the family intact, and that permanent placement is in the children's best interest.
On appeal, West contends that because he was under arrest at the time of his admissions and agreement to permanent custody to CCDHS, his admissions and agreement were coerced. Indeed, West wrote a letter to the trial court so stating on July 21, 1999. West contends that the trial court should not have considered his admissions, and without them, CCDHS could not have proved its case by clear and convincing evidence.
Appellate counsel candidly admits that when West was before the court on July 8, 1999, in response to questions by the court, West stated that he had not been forced to agree to permanent placement with CCDHS or to forego a trial, nor had he been promised anything to do so.
The trial court was in a position superior to ours to assess the comprehension and voluntariness of West's July 8 admissions and agreement. The trial court was not required to credit West's July 21 letter. Accordingly, the fact that West may have been in custody July 8 thus furnishes no basis for reversal of the judgment.
Furthermore, we are not persuaded that the outcome would have been different, even had the trial court ignored West's admissions. The evidence presented by CCDHS standing alone was sufficient to satisfy its burden of proof.
The assignment of error is overruled.
The judgment will be affirmed.
FAIN, J. and YOUNG, J., concur.